

New York Civil Liberties Union
125 Broad Street, 19th Floor
New York, New York 10004
212.607.3300
www.nyclu.org

Gabriella Larios
Staff Attorney
212.607.3354
glarios@nyclu.org

April 15, 2024

*Via ECF*

The Honorable Allyne R. Ross
District Court Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>Long Island Roller Rebels v. County of Nassau et al.</u>, Case No. 2:24-cv-02721

Dear Judge Ross:

    As counsel to Plaintiff in the above-captioned matter,[1] we write in response to the Notice of Removal with Notice of Related Case, ECF 1, and to oppose the Notice of Related Case.[2]

    On April 11, Defendant filed a Notice of Removal with Notice of Related Case requesting that this case be related to the then-pending action in Case No. 2:24-cv-01655 because both cases concern Nassau County Executive Order 2-2024 (*see* ECF 1). Defendants assert removal is warranted because "this action raises a federal question under 28 U.S.C. § 1331." *Id.* Defendants' sole basis for "arising under" jurisdiction pursuant to 28 U.S.C. § 1331 is a counterclaim or affirmative defense under the Fourteenth Amendment of the U.S. Constitution. *See* ECF 1-32. Plaintiff's state court action does not assert any federal claims. *See* ECF 1-1.

    Plaintiff opposes relation of these two actions for several reasons. First, the issue of whether removal itself is proper is not related to the substantive issues that were being litigated in Case No. 2:24-cv-01655. In this case, Plaintiff intends to move for remand on the basis that removal is plainly improper under clear precedent establishing that counterclaims or affirmative defenses cannot serve as the basis for federal court jurisdiction. *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U. S. 826, 831 (2002) ("[A] counterclaim ...

---

[1] This matter has been ongoing in Nassau County Supreme Court since March 11, *see* ECF 1-1 (Nassau County Index No. 604254/2024).

[2] Plaintiff's counsel submit this letter in accordance with the instructions provided by the Office of the Clerk of Court when counsel inquired about how to oppose case relation, and consistent with this Court's individual rules regarding letters. Submission of this letter is also consistent with the process identified in Local Rule 3 of the Rules for the Division of Business. *See* E.D.N.Y. Rules for the Div. of Bus., Sept. 25, 2023, *available at* https://img.nyed.uscourts.gov/files/local_rules/Rules4_DOB.pdf.

1

cannot serve as the basis for 'arising under' jurisdiction"); *see also Est. Examinations Co. v. ECG Enterprises, Inc.*, No. 06-CV-3024 (JFB), 2006 WL 3248003, at *3 (E.D.N.Y. Nov. 7, 2006) (finding counterclaim is insufficient to establish "arising under" jurisdiction). Any dispute regarding the appropriateness of removal is entirely distinct from the issue of whether Executive Order 2-2024 itself is valid under the law.

Second, relation of these two actions is inappropriate because Case No. 2:24-cv-01655 has now been dismissed due to lack of subject matter jurisdiction. *See Blakeman v. James*, Case No. 2:24-cv-01655, ECF 25 (April 12, 2024 order dismissing case and directing Clerk of Court "to enter judgment and close the case"). Accordingly, there is no other active case to relate this action to.

Therefore, we request that your Honor considers and determines whether removal is proper and rejects relation of this action to Case No. 2:24-cv-01655. Plaintiff has reviewed this Court's individual rules and understands them to indicate that a motion for remand does not require a pre-motion conference request; accordingly, that motion is forthcoming.

Thank you for your consideration of this matter.

Respectfully submitted,

NEW YORK CIVIL LIBERTIES UNION FOUNDATION

*/s/ Gabriella Larios*
Gabriella Larios
Robert Hodgson
Molly K. Biklen

*Counsel for Plaintiff*