UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LONG ISLAND ROLLER REBELS,<br><br>    Plaintiff,<br><br>v.<br><br>BRUCE BLAKEMAN in his official capacity as NASSAU COUNTY EXECUTIVE, and COUNTY OF NASSAU,<br><br>    Defendants. | Case No. 2:24-cv-02721 (ARR/LGD) |

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO REMAND TO STATE COURT

Dated: April 18, 2024
  New York, N.Y.

NEW YORK CIVIL LIBERTIES UNION
    FOUNDATION

Gabriella Larios
Robert Hodgson
Molly K. Biklen
125 Broad Street, 19th Floor
New York, N.Y. 10004
Tel: (212) 607-3300
glarios@nyclu.org
rhodgson@nyclu.org
mbiklen@nyclu.org

*Counsel for Plaintiff*

# **TABLE OF CONTENTS**

FACTUAL BACKGROUND ................................................................................................... 1

ARGUMENT .............................................................................................................................. 2

    I.    This Court Should Immediately Remand This Action Because Counterclaims or Defenses Cannot Give Rise to Federal Jurisdiction. ............................................................................ 3

    II.   Plaintiff is Entitled to Attorney's Fees and Costs Because Defendants' Removal Action is Objectively Unreasonable. ................................................................................................... 6

CONCLUSION ........................................................................................................................... 9

## **TABLE OF AUTHORITIES**

**Cases** ............................................................................................................................Pages

*180A Rockaway Ave., LLC v. Caulker*, No. 22-cv-1058, 2022 WL 2467627 (E.D.N.Y. Apr. 14, 2022) ................................................................................................ 5

*Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1 (2003) ............................................................ 5

*Bryant v. Britt*, 420 F.3d 161 (2d Cir. 2005) ........................................................................... 9

*Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163 (2d Cir. 2011) .............................. 6, 7

*Calabro v. Aniqa Halal Live Poultry Corp.*, No. 09-cv-4859, 2009 WL 4893200 (E.D.N.Y. Dec. 15, 2009) ................................................................................................ 9

*Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987) ................................................................. 3

*County of Nassau v. New York*, 724 F.Supp.2d 295 (E.D.N.Y. 2010) ................................... 7, 8

*Est. Examinations Co. v. ECG Enterprises, Inc.*, No. 06-cv-3024, 2006 WL 3248003 (E.D.N.Y. Nov. 7, 2006) ................................................................................................. 5

*Est. of Kelly v. Gagliano*, No. 13-cv-6077, 2014 WL 950050 (E.D.N.Y. Mar. 11, 2014) ............. 5

*First Horizon Home Loans v. Doost*, No. CV09-1906, 2009 WL 3756523 (D. Ariz. Nov. 9, 2009) ..................................................................................................... 7

*Fosnocht v. Demko*, 438 F. Supp. 2d 561 (E.D. Pa. 2006) .................................................... 7, 8

*Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770 (2d Cir. 1988) ......................... 3, 7

*Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1 (1983) ............................................................................................................................ 3

*Frontier Park Co., LLC v. Contreras*, 35 F. Supp. 3d 264 (E.D.N.Y. 2014) .............................. 7

*Gregorian v. New York Life Ins. Co.*, No. 07-cv-5210, 2009 WL 179217 (E.D.N.Y. Jan. 26, 2009) ............................................................................................... 3, 4

*Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826 (2002) ............... 4, 6

*JP Morgan Chase Bank, N.A. v. Hunter Grp., Inc.*, No. 10-cv-00917, 2010 WL 5313547 (E.D.N.Y. Dec. 20, 2010) ................................................................................................ 5

*Leroy v. Hume*, 554 F. Supp. 3d 470 (E.D.N.Y. 2021), *aff'd*, No. 21-2158, 2023 WL 2928353 (2d Cir. Apr. 13, 2023) ................................................................................................. 3, 4

*Martin v. Franklin Cap. Corp.*, 546 U.S. 132 (2005) ............................................................. 6

*Morgan Guar. Trust Co. of New York v. Republic of Palau*, 971 F.2d 917 (2d Cir. 1992) ............ 8

*Mortg. Elec. Registration Sys., Inc. v. Malugen*, No. 6:11-cv-2033-ORL-22, 2012 WL 1382265 (M.D. Fla. Apr. 3, 2012), *R. & R. adopted,* No. 6:11-cv-2033-ORL-22, 2012 WL 1382991 (M.D. Fla. Apr. 20, 2012) .................................................................................................. 7, 8

*MTI Residential Servs. v. Alston*, No. 07-cv-2002, 2007 WL 1695161 (E.D.N.Y. May 31, 2007) ................................................................................................................................ 4

*Powell v. Delta Airlines*, 145 F. Supp. 3d 189 (E.D.N.Y. 2015) ............................................... 5

*Sullivan v. American Airlines*, 424 F.3d 267 (2d Cir. 2005) ...................................................... 4

*Town of Southold v. Go Green Sanitation, Inc.*, 949 F. Supp. 2d 365 (E.D.N.Y. 2013) ................ 5

*Vaden v. Discover Bank*, 556 U.S. 49 (2009) ........................................................................... 4

**Statutes, Rules, and Regulations**

28 U.S.C. § 1331 ................................................................................................................... 2

28 U.S.C. § 1441(a) .............................................................................................................. 2

28 U.S.C. § 1447(c) .................................................................................................... 1, 2, 6, 8

Civil Rights Law § 40-c .......................................................................................................... 5

N.Y. C.P.L.R. 7803(2) ........................................................................................................... 1

Executive Law § 296 .............................................................................................................. 5

**Other Authorities**

Tim Balk, *Judge dismisses Nassau County suit against AG Tish James centered on trans sports ban*, NY DAILY NEWS, Apr. 12, 2024 .................................................................................. 8

Plaintiff Long Island Roller Rebels (the "Roller Rebels") moves this Court to remand this case back to New York State Supreme Court, Nassau County for further proceedings and to order Defendants ("Nassau County") to pay the Roller Rebels' just costs and attorney's fees incurred as a result of its improper removal. *See* 28 U.S.C. § 1447(c).

## FACTUAL BACKGROUND

This case arises from an executive order issued by Nassau County Executive Bruce Blakeman that purports to categorically ban transgender women and girls from participating in women's and girls' sports at publicly-run facilities. On March 11, 2024, the Roller Rebels, a women's roller derby league that welcomes and includes transgender women, filed this case as an Article 78 petition in New York state court and moved for a preliminary injunction enjoining Nassau County from enforcing Executive Order 2-2024 (the "Order"). Specifically, the Roller Rebels assert that Nassau County's determination in enacting and enforcing the Order was "affected by an error of law," N.Y. C.P.L.R. 7803(2), because the Order violates the statutory provisions of the New York State Human Rights Law and the New York Civil Rights Law section 40-c, which squarely prohibit discrimination on the basis of gender identity. *See* ECF 1-1. The Roller Rebels assert only these two causes of action, both of which turn on allegations of *state*, not *federal*, statutory violations.

On March 14, the parties appeared before the state court and agreed to a briefing schedule and preliminary injunction hearing date of April 15 at 10:30 a.m. *See* ECF 1-25. Nassau County filed an answer and brief opposing the preliminary injunction request on April 4. *See* ECF 1-26, 1-27. The Roller Rebels filed their reply brief in support of their preliminary injunction request on April 9. *See* ECF 1-28. On April 10, Nassau County filed an "amended answer" asserting a federal counterclaim or affirmative defense that was not contemplated by the state court schedule. *See* ECF 1-32. The "amended answer" asserts affirmative defenses grounded in the

1

Equal Protection Clause of the federal constitution, *see id.* at 9–19, and purports to raise a "counterclaim" seeking a declaration that the New York State Human Rights Law and Civil Rights Law, as applied to the Executive Order, "violate[] the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution" and should be "enjoined," *id.* at 19–20.[1] The Roller Rebels objected to Nassau County's improper "amended answer" on April 11. *See* ECF 1-33.

Later on the afternoon of April 11, Nassau County filed its Notice of Removal in this Court, arguing that removal is proper because "this action raises a federal question under 28 U.S.C. § 1331 and the claims and counterclaims alleged arise under the Constitution and laws of the United States." ECF 1 at ¶ 3. Nassau County also sought to have this action related to the then-pending action in *Blakeman v. James*, Case No. 2:24-cv-01655. *See* ECF 1 at ¶ 6. Nassau County's removal action was filed close to the eve of the preliminary injunction hearing—and ultimately resulted in its cancellation—seemingly in an attempt to delay that hearing and an expedited resolution of the Roller Rebels' pending request to begin using Nassau County athletic facilities in mid-April.

## ARGUMENT

The face of the Roller Rebels' well-pleaded petition raises no federal question because all of the claims expressly arise under state law. The only basis for federal jurisdiction Nassau County asserts is its defense or counterclaim, which, as clear Supreme Court precedent establishes, cannot create federal jurisdiction. Because any reasonable inquiry or investigation

---

[1] The Roller Rebels note that what Nassau County characterizes as a "counterclaim" appears to be a restatement of its affirmative defense and not a proper claim at all, since of course the Roller Rebels are not a state actor and have no ability to "violate[] the Equal Protection Clause." *See* ECF 1-32 at 20. However, because counterclaims and affirmative defenses are equally insufficient bases on which to claim federal removal jurisdiction, remand is appropriate regardless. *See infra* at 3–6.

2

into the applicable law would have alerted Nassau County to the black-letter law precluding removal here, *see Four Keys Leasing & Maint. Corp. v. Simithis,* 849 F.2d 770, 774 (2d Cir. 1988), the Roller Rebels are entitled to attorney's fees and costs for this objectively unreasonable removal action.

**I.     This Court Should Immediately Remand This Action Because Counterclaims or Defenses Cannot Give Rise to Federal Jurisdiction.**

A defendant may remove a state court civil action to federal court when "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The federal court must remand the case to state court if, "at any time . . . it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Where, as here, the parties are not diverse, removal is proper only if the case falls within the district court's original federal-question jurisdiction. 28 U.S.C. § 1331 (creating federal jurisdiction for claims "arising under the Constitution, laws, or treaties of the United States"); *see Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 8 (1983) ("[T]he propriety of removal turns on whether the case falls within the original 'federal[-]question' jurisdiction of the United States district courts.").

"Whether or not a cause of action arises under federal law is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Leroy v. Hume*, 554 F. Supp. 3d 470, 476 (E.D.N.Y. 2021) (Ross, J.), *aff'd*, No. 21-2158, 2023 WL 2928353 (2d Cir. Apr. 13, 2023) (quoting *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987) (cleaned up); *see also Gregorian v. New York Life Ins. Co.*, No. 07-cv-5210, 2009 WL 179217, at *3 (E.D.N.Y. Jan. 26, 2009) ("[T]he plaintiff's complaint itself establishes whether the cause of action arises under federal law."). "A case may not be removed to federal court on the basis of a federal

3

defense . . . even if the defense is anticipated in the plaintiff's complaint." *Leroy*, 554 F. Supp. 3d at 476 (cleaned up).

As the Supreme Court has explained, "[t]he rule makes the plaintiff the master of the claim," and "he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc.*, 482 U.S. at 392. "On a motion for remand, the removing party bears the burden of demonstrating the jurisdictional basis for removal . . . and the court construes all factual allegations in favor of the party seeking the remand." *Gregorian*, 2009 WL 179217, at *3 (cleaned up). "[I]t is well established that removal jurisdiction must be strictly construed, both because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." *Id*. (cleaned up).

In *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, the Supreme Court made clear that "a counterclaim . . . cannot serve as the basis for 'arising under' jurisdiction." 535 U.S. 826, 831 (2002). It also "decline[d] to transform the longstanding well-pleaded-complaint rule into the 'well-pleaded-complaint-*or-counterclaim* rule'" because doing so would "contravene the longstanding policies underlying [its] precedents." *Id.* at 832 (emphasis in original). The Supreme Court and courts in this circuit have repeatedly reaffirmed this basic rule that counterclaims or defenses cannot serve as the basis for federal jurisdiction. *See, e.g.*, *Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009) ("[F]ederal jurisdiction cannot be invoked on the basis of a defense or counterclaim."); *Sullivan v. American Airlines*, 424 F.3d 267, 271 (2d Cir. 2005) ("[I]n assessing subject-matter jurisdiction, a federal court must disregard allegations that a well-pleaded complaint would not include—e.g., allegations about anticipated defenses."); *MTI Residential Servs. v. Alston*, No. 07-cv-2002, 2007 WL 1695161, at *3 (E.D.N.Y. May 31,

4

2007) ("The federal nature of respondents' defense and counterclaim is not sufficient to confer jurisdiction on this Court for purposes of removal.").[2]

The Roller Rebels' petition does not in any way seek relief under any federal statute or the United States Constitution. *See* ECF 1-1 at 16–17 (identifying first cause of action for "Violation of New York State Human Rights Law, Executive Law § 296," and second cause of action for "Violation of New York Civil Rights Law § 40-c"); *see also Powell v. Delta Airlines*, 145 F. Supp. 3d 189, 197 (E.D.N.Y. 2015) (finding complaint failed to establish federal question jurisdiction because plaintiff asserted claims only under New York State Human Rights Law). The removal analysis ends there.

Nassau County's contention that "the claims and counterclaims alleged arise under the Constitution and laws of the United States," ECF 1 at ¶ 3, are therefore based solely on the constitutional arguments referenced in the affirmative defenses and counterclaims of their "amended answer," *see* ECF 1-32 at 9–20. But Nassau County offers no case law supporting the argument that these defenses and counterclaims can form the basis for federal jurisdiction— because there is none.

The Roller Rebels, as the petitioner in the state court action, are the "master of the complaint," who have chosen to have their claim be heard in state court "by eschewing claims

---

[2] *See also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 2 (2003) ("Potential defenses . . . do not provide a basis for removal."); *180A Rockaway Ave., LLC v. Caulker*, No. 22-cv-1058, 2022 WL 2467627, at *2 (E.D.N.Y. Apr. 14, 2022) ("[A] defendant's counterclaims cannot serve as the basis for federal jurisdiction."); *Est. of Kelly v. Gagliano*, No. 13-cv-6077, 2014 WL 950050, at *1–2 (E.D.N.Y. Mar. 11, 2014) ("Defenses based on federal law do not authorize removal to federal court."); *Est. Examinations Co. v. ECG Enterprises, Inc.*, No. 06-cv-3024, 2006 WL 3248003, at *3 (E.D.N.Y. Nov. 7, 2006) (finding counterclaim is insufficient to establish "arising under" jurisdiction); *JP Morgan Chase Bank, N.A. v. Hunter Grp., Inc.*, No. 10-cv-00917, 2010 WL 5313547, at *4 (E.D.N.Y. Dec. 20, 2010) ("counterclaims cannot form the basis for federal jurisdiction"); *Town of Southold v. Go Green Sanitation, Inc.*, 949 F. Supp. 2d 365, 371 (E.D.N.Y. 2013). ("Any federal question is only properly raised by the Defendants in their Answer including Counterclaims . . . [and] those federal questions are not part of the original cause of action.").

based on federal law." *See Holmes Group*, 535 U. S. at 831. In its removal papers, Nassau County puts forth the exact position rejected by the Supreme Court in *Holmes Group*. This position would allow Nassau County, as a defendant, "to remove a case brought in state court under state law, thereby defeating a plaintiff's choice of forum, simply by raising a federal counterclaim." *Id.* To the extent that Nassau County argues that this counterclaim can form the basis for federal court jurisdiction because it labels itself as the counterclaim "plaintiff," ECF 1-32, this too is precluded by this same well-established precedent.

Because this Court lacks subject matter jurisdiction as no federal causes of action appear on the face of the Roller Rebels' well-pleaded petition, this Court must remand this case.

## II. Plaintiff is Entitled to Attorney's Fees and Costs Because Defendants' Removal Action is Objectively Unreasonable.

Nassau County's commencement of this removal action solely on the basis of a counterclaim or defense in the face of overwhelming precedent precluding such removal actions is objectively unreasonable, and therefore the Roller Rebels are entitled an award of attorney's fees and costs. "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). The "standard for awarding fees . . . turn[s] on the reasonableness of the removal" and permits fees "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

Here, where there is binding precedent that counterclaims or defenses cannot serve as the basis for "arising under" jurisdiction, *see supra* at 3–6, and where the lack of federal jurisdiction is obvious from the face of the Roller Rebels' well-pleaded petition, *see* ECF 1-1, Nassau County lacked an objectively reasonable basis for seeking removal. In *Calabro v. Aniqa Halal Live Poultry Corp.*, the Second Circuit affirmed an attorney's fees award because the defendant's

6

reason for removal was "objectively unreasonable" since the plaintiff's well-pleaded complaint only raised a state cause of action under the New York State Civil Rights Law §§ 50 and 51, and "it is well established that a defendant may not evade [the well-pleaded-complaint] rule by raising a federal question in its responsive pleadings and then attempting to remove on that basis." 650 F.3d 163, 166 (2d Cir. 2011). *See also Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 774 (2d Cir. 1988) (finding district court's imposition of Rule 11 sanctions in the form of attorney's fees was appropriate and imposing additional attorney's fees sanctions because any "competent attorney" who had conducted a "reasonable inquiry into the applicable law and the facts and procedural history" of that removal action "would have known that there was no justification whatever" for its removal since there was no federal claim on the face of the well-pleaded complaint); *Frontier Park Co., LLC v. Contreras*, 35 F. Supp. 3d 264, 273 (E.D.N.Y. 2014) (ordering respondents to pay fees and costs where respondents "plainly fail[ed] to satisfy the 'well-pleaded complaint' rule," and "asserted no colorable basis for federal jurisdiction").[3] As in *Calabro*, Nassau County attempts to remove this action by raising a federal question in its responsive pleadings where the Roller Rebels have only brought state law claims.

Indeed, Nassau County itself has been the plaintiff opposing removal in litigation clearly stating that "a defense . . . cannot be a basis for federal jurisdiction" and "federal jurisdiction does not exist simply because a state law claim may implicate a federal issue." *See County of*

---

[3] *See also First Horizon Home Loans v. Doost*, No. CV09-1906, 2009 WL 3756523, at *4 (D. Ariz. Nov. 9, 2009) (granting plaintiff's request for Rule 11 sanctions and attorney's fees where removal was frivolous because "adequate legal research would have revealed that counterclaims cannot serve as the basis for federal question jurisdiction"); *Mortg. Elec. Registration Sys., Inc. v. Malugen*, No. 6:11-cv-2033-ORL-22, 2012 WL 1382265, at *9–10 (M.D. Fla. Apr. 3, 2012), *R. & R. adopted,* No. 6:11-cv-2033-ORL-22, 2012 WL 1382991 (M.D. Fla. Apr. 20, 2012) (granting fees award and imposing Rule 11 sanctions because "[i]n light of the well-established law . . . any meaningful inquiry or investigation would have alerted [defendants' attorney] to the fact that asserting federal claims in a counterclaim is not a proper basis of removal"); *Fosnocht v. Demko*, 438 F. Supp. 2d 561, 565 (E.D. Pa. 2006) (awarding attorney's fees in removal action where "[e]ven a cursory examination of the rules governing removal and federal question jurisdiction would have revealed that the instant suit does not qualify for either").

7

*Nassau v. New York,* 724 F.Supp.2d 295, 301–02 (E.D.N.Y. 2010). In that case, Nassau County argued that remand was appropriate because "a reading of the plain language of the County's Complaint confirms [that] the County's claims are based *entirely* upon application of New York Law, and raise no federal claims whatsoever." *County of Nassau v. State of New York*, Pls.' Mem. of Law in Supp. of Mot. to Remand, 2010 WL 11601123 (E.D.N.Y.) (emphasis in original). Clearly, the basic law of removal jurisdiction is well-known to Nassau County.

      Additionally, while a showing of bad faith is not necessary to award attorney's fees and costs under 28 U.S.C. § 1447(c), *see Morgan Guar. Trust Co. of New York v. Republic of Palau,* 971 F.2d 917, 923 (2d Cir. 1992), here, there are several factors that raise significant concern. First, the filing of Nassau County's improper removal action occurred on the eve of the parties' long-scheduled preliminary injunction hearing—and resulted in its cancellation—in this action where the Roller Rebels are seeking expedited relief and indeed have an active pending permit request for the use of Nassau County facilities beginning in mid-April and for a series of future dates. *See* ECF 1-1 at ¶ 65; *see also Fosnocht v. Demko*, 438 F. Supp. 2d 561, 565 (E.D. Pa. 2006) (finding "removal amounted to a bad-faith effort to delay state court proceedings scheduled to occur within days of the notice of removal's filing"). Second, the combination of Nassau County's removal action and the corresponding request to relate this case to the then-pending action in *Blakeman v. James,* Case No. 2:24-cv-01655, *see* ECF 1 at ¶ 6, creates the appearance of a possible attempt to implicate potential recusal for the judge assigned to that case.[4]

---

[4] Nassau County Executive Bruce Blakeman has referred to Judge Nusrat Choudhury as "a federal judge with a background as a Civil Liberties Union lawyer." *See* Tim Balk, *Judge dismisses Nassau County suit against AG Tish James centered on trans sports ban*, NY DAILY NEWS, Apr. 12, 2024, https://www.nydailynews.com/2024/04/12/judge-dismisses-nassau-county-suit-against-ag-tish-james-centered-on-trans-sports-ban/.

Accordingly, after remand is immediately ordered, this Court should order Nassau County to pay attorney's fees and costs incurred by the Roller Rebels as a result of this objectively unreasonable removal action.[5]

## CONCLUSION

For all these reasons, this Court should immediately remand this case to Nassau County Supreme Court in its entirety and award the Roller Rebels attorney's fees and costs.

Dated: April 18, 2024
       New York, N.Y.

Respectfully Submitted,

NEW YORK CIVIL LIBERTIES UNION
    FOUNDATION

*/s/ Gabriella Larios*
Gabriella Larios
Robert Hodgson
Molly K. Biklen
125 Broad Street, 19th Floor
New York, N.Y. 10004
Tel: (212) 607-3300
glarios@nyclu.org
rhodgson@nyclu.org
mbiklen@nyclu.org

*Counsel for Plaintiff*

---

[5] "A federal district court retains jurisdiction to decide a motion for fees and costs under 28 U.S.C. § 1447(c) after it has remanded a case to state court." *Calabro v. Aniqa Halal Live Poultry Corp.*, No. 09-cv-4859, 2009 WL 4893200, at *3 (E.D.N.Y. Dec. 15, 2009) (citing *Bryant v. Britt*, 420 F.3d 161 (2d Cir. 2005) (finding district court also retains jurisdiction to resolve issue of Rule 11 sanctions)).