UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LONG ISLAND ROLLER REBELS,

          *Plaintiff*,

-against-

BRUCE BLAKEMAN in his official capacity as NASSAU COUNTY EXECUTIVE, and COUNTY OF NASSAU,

          *Defendants*.

24-CV-2721 (ARR) (LGD)

NOT FOR ELECTRONIC OR PRINT PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

    Plaintiff, Long Island Roller Rebels, brought this action in New York state court, alleging that defendants violated the New York State Human Rights Law and New York Civil Rights Law by issuing an executive order prohibiting transgender women and girls from participating in women's and girls' sporting events at Nassau County facilities. Compl. ¶¶ 1, 5, ECF No. 1-1. Defendants removed the action to federal court on the basis of federal question jurisdiction. Notice of Removal ¶ 4, ECF No. 1. Before me is plaintiff's motion to remand the action to state court and to impose attorney's fees and costs. Mem. Supp. Pl.'s Mot. Remand ("Mem. Supp."), ECF No. 7-1. For the reasons set forth below, the motion is granted.

## BACKGROUND

    On February 22, 2024, the Nassau County Executive issued Executive Order No. 2-2024, which prohibits transgender women and girls—as well as teams or leagues that include or welcome transgender women and girls—from using county facilities for women's and girls' sporting events. Compl. ¶ 26. The order was effective immediately. *Id.* Plaintiff, a Nassau County-based women's roller derby league that welcomes and includes transgender women, intersex women, and gender-expansive women, filed an Article 78 petition in New York state court and sought a preliminary

injunction enjoining the County from enforcing the Order. *Id.* ¶¶ 7, 56, 58; Mem. Supp. Pet. Seeking J. Pursuant to Article 78 & Prelim. Inj., ECF No. 1-4.

The state court set a preliminary injunction hearing for April 15. *See* Order to Show Cause, ECF No. 1-25. Defendants filed their answer and opposition brief in state court on April 4, ECF Nos. 1-26, 1-27, and plaintiff filed its reply on April 9, ECF No. 1-28. On April 10, defendants then filed an "amended answer" that purported to assert a counterclaim under the Equal Protection Clause of the Fourteenth Amendment of the federal constitution. Verified Answer with Objs. ¶¶ 81–115, ECF No. 1-32. The next day—four days before the preliminary injunction hearing scheduled in state court—defendants removed the action to federal court on the basis of federal question jurisdiction. Notice of Removal ¶ 4.

Defendants also asserted that this case was related to another matter then pending before Judge Nusrat Choudhury. *Id.* ¶ 6. That case involved an attempt by the County and County Executive to prevent the New York State Attorney General from pursuing legal action against them because of the same Executive Order at issue in this case. *See Blakeman v. James*, No. 24-CV-1655 (NJC), 2024 WL 1604231, at *1 (E.D.N.Y. Apr. 12, 2024). On April 12, Judge Choudhury dismissed that case for lack of subject matter jurisdiction. *Id.* at *2; Min. Entry Dated April 12, 2024, No. 24-CV-1655. Three days later, plaintiff filed a letter in this action opposing relation of the cases and notifying me of its intent to file a motion to remand. Letter, ECF No. 6. The motion seeking remand, fees, and costs was filed on April 18. Pl.'s Notice Mot. Remand, ECF No. 7. Defendants' opposition was due on April 22; on that day, defendants filed a letter stating that they "view[ed] the removal as moot in light of the dismissal of" the action before Judge Choudhry. Letter Dated April 22, 2024, ECF No. 9. They did not otherwise address the arguments

in plaintiff's motion. *See id.* Plaintiff filed its reply on April 23. Pl.'s Reply Mem. Supp. Mot. Remand, ECF No. 10.

## DISCUSSION

Because there is no objectively reasonable basis for the removal of this action to federal court, I grant plaintiff's motion to remand and find that plaintiff is entitled to attorney's fees and costs.

### I. Remand Is Proper Because Counterclaims, Defenses, and Related Cases Cannot Give Rise to Federal Jurisdiction.

A defendant may remove a state court action to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Where, as here, there is no diversity of citizenship between the parties, "the propriety of removal turns on whether the case falls within the original 'federal question' jurisdiction of the United States district courts" as set forth in 28 U.S.C. § 1331. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 8 (1983); *see* Compl. ¶¶ 7–9. Under 28 U.S.C. § 1331, district courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." Whether a cause of action "arises under" federal law "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (quotation omitted). "[S]ince 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense." *Franchise Tax Bd.*, 463 U.S. at 14. The same is true of federal counterclaims. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).

Here, plaintiff's complaint seeks relief under only state law. Compl. ¶¶ 69–79 (asserting only two causes of action: violation of New York State Human Rights Law and New York Civil

3

Rights Law). Defendants are therefore incorrect in their assertion that "the claims *and* counterclaims alleged arise under the Constitution and laws of the United States." Notice of Removal ¶ 4 (emphasis added). Rather, only defendants' asserted counterclaim invokes federal law—and it is well-established that removal on the basis of a federal counterclaim is improper. *Holmes Grp.*, 535 U.S. at 831. The same is true even if defendants' purported counterclaim is better characterized as an affirmative defense. *See* Mot. Remand 2 n.1; *Franchise Tax Bd.*, 463 U.S. at 14.

Defendants do not argue otherwise or engage at all with this axiomatic case law. *See generally* Letter Dated April 22, 2024. They assert only that they now "view[] the removal as moot" in light of the dismissal of the purportedly related case before Judge Choudhury. *Id.* But they have identified no legal authority for the proposition that removal would have been proper had the case before Judge Choudhury still been pending—nor could they, given the weight of authority to the contrary. *See, e.g.*, *Sovereign Bank, N.A. v. Lee*, 968 F. Supp. 2d 515, 518 (E.D.N.Y. 2013) (holding that "the presence of an allegedly related federal action" cannot "form a proper basis for removal of a state court action"); *Fracasse v. People's United Bank*, 747 F.3d 141, 143 (2d Cir. 2014) (noting that there cannot be supplemental jurisdiction under 28 U.S.C. § 1367 where a removed action "was not part of the separately filed, albeit related, federal case"). There is not, and has never been, any conceivable basis for removing this action to federal court. Plaintiff's motion to remand is therefore granted.

## II.     Plaintiff Is Entitled to Attorney's Fees and Costs Under 28 U.S.C. § 1447(c).

An order remanding a case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The "standard for awarding fees . . . turn[s] on the reasonableness of the removal. Absent unusual

4

circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). The Second Circuit has affirmed an award of attorney's fees and costs where, as in this case, a defendant attempted to evade the well-pleaded complaint rule "by raising a federal question in its responsive pleadings and then attempting to remove on that basis." *Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 166 (2d Cir. 2011).

Here, I likewise conclude that defendants' "purported basis for removal—*i.e.*, that the presence of federal claims in [their counterclaim or defense] render[] the entire action removable under 28 U.S.C. § 1441(c)—[is] objectively unreasonable." *Id.* As plaintiff points out, defendants have previously and successfully *opposed* removal in a case where the County, there a plaintiff, asserted claims "based *entirely* upon application of New York Law, and raise[d] no federal claims whatsoever." Pls.' Mem. Supp. Mot. Remand, *Cnty. of Nassau v. New York*, 724 F. Supp. 2d 295 (E.D.N.Y. 2010) (No. 10-CV-1659), 2010 WL 11601123 (emphasis in original); *see also Cnty. of Nassau*, 724 F. Supp. 2d at 307 (granting the County's motion to remand). Given the ample binding authority establishing that a federal counterclaim or defense cannot render removal proper, as well as defendants' apparent familiarity with this blackletter law, I find it difficult to view defendants' removal of this case as anything other than a delay tactic.

I accordingly find it appropriate to require defendants to pay just costs and any actual expenses, including attorney's fees, incurred by plaintiff as a result of removal. If the parties cannot agree on the amount to be reimbursed by May 9, 2024, plaintiff shall submit a bill of costs and a fee application. *See Bryant v. Britt*, 420 F.3d 161, 165 (2d Cir. 2005) ("[A] district court has jurisdiction to resolve a motion for fees and costs under § 1447(c) after a remand order has issued.").

## CONCLUSION

For the foregoing reasons, the motion to remand and for costs and fees is GRANTED.

SO ORDERED.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated:        April 25, 2024
              Brooklyn, New York

6