**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

LONG ISLAND ROLLER REBELS,

                Plaintiff,

     v.

BRUCE BLAKEMAN in his official capacity
as NASSAU COUNTY EXECUTIVE, and
COUNTY OF NASSAU,

              Defendants.

Case No. 2:24-cv-02721 (ARR/LGD)

---

## PLAINTIFF'S APPLICATION FOR FEES AND COSTS

NEW YORK CIVIL LIBERTIES UNION
    FOUNDATION

Robert Hodgson
Gabriella Larios
Molly K. Biklen
125 Broad Street, 19th Floor
New York, N.Y. 10004
Tel: (212) 607-3300
rhodgson@nyclu.org
glarios@nyclu.org
mbiklen@nyclu.org

*Counsel for Plaintiff*

Dated: May 16, 2024
     New York, N.Y.

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................................. 1

FACTUAL BACKGROUND ................................................................................................... 1

ARGUMENT ........................................................................................................................... 4

    I.    The hourly rates requested by the Roller Rebels' counsel are reasonable. .......................... 4

    II.   The hours expended by the Roller Rebels' counsel are reasonable. ................................... 9

    III.  The Roller Rebels' timesheet entries are sufficiently detailed.......................................... 11

CONCLUSION....................................................................................................................... 11

## **TABLE OF AUTHORITIES**

**Cases**................................................................................................................... Pages

*Agudath Israel of Am. v. Hochul*, 2021 WL 5771841 (E.D.N.Y. Dec. 6, 2021),
        *aff'd,* No. 22-38, 2023 WL 2637344 (2d Cir. Mar. 27, 2023)..........................................4, 6

*Alveranga v. Winston*, 2007 WL 595069 (E.D.N.Y. Feb. 22, 2007) ............................................10

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of
        Elections*, 522 F.3d 182 (2d Cir. 2008)..........................................................................4, 9

*Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132 (2d Cir. 2008) .......................................8

*Bergerson v. N.Y. State Office of Mental Health*, 652 F.3d 277 (2d Cir. 2011)..............................5

*Bobrow Palumbo Sales, Inc. v. Broan-Nutone, LLC*, 549 F. Supp. 2d 274 (E.D.N.Y. 2008) ........10

*Center for Popular Democracy v. Bd. of Governors of Fed. Rsrv. Sys.*, 2021 WL 4452202
        (E.D.N.Y. Sept. 29, 2021)..........................................................................................6

*Centro de la Comunidad Hispana de Locust Valley v. Oyster Bay*, 2019 WL 2870721 (E.D.N.Y.
        June 18, 2019), *adopted by* 2019 WL 2869150 (E.D.N.Y. July 3, 2019) ................. *passim*

*Grant v. Martinez*, 973 F.2d 96 (2d Cir. 1992)...................................................................9

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) .......................................................................9

*Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281 (E.D.N.Y. 2012) ...................................9

*HVT, Inc. v. Port Auth. of New York & New Jersey*, 2023 WL 5441898 (E.D.N.Y. Aug. 22, 2023),
        *adopted by* 2023 WL 6035673 (E.D.N.Y. Sept. 15, 2023).............................................5, 6

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)..................................5, 8

*Kirsch v. Fleet St., Ltd.*, 148 F.3d 149 (2d Cir. 1998) .................................................................11

*Lilly v. City of New York*, 934 F.3d 222 (2d Cir. 2019) ...........................................................4, 5, 8

*MB Fin. Bank, N.A. v. 56 Walker, LLC*, 2011 WL 6338808 (S.D.N.Y. Dec. 19, 2011) ...........9, 10

*Mosher v. Davita Healthcare Partners Inc.*, 2016 WL 3963131 (S.D.N.Y. July 20, 2016) ...........9

*Samuel v. Town of Cheektowaga*, 2010 WL 411090 (W.D.N.Y. Jan. 25, 2010)............................9

*Simmons v. New York City Transit Auth.*, 575 F.3d 170 (2d Cir. 2009) ..........................................5

**Statutes, Rules, and Regulations**

28 U.S.C. 1446(d) ........................................................................................................2

**Other Authorities**

Tim Balk, *Judge dismisses Nassau County suit against AG Tish James centered on trans sports ban*, NY DAILY NEWS, Apr. 12, 2024 .................................................................3

U.S. Bureau of Labor Statistics, *CPI Inflation Calculator* .............................................6

## PRELIMINARY STATEMENT

In response to an unlawful executive order that barred them and others similarly situated from using Nassau County facilities because of their transgender-inclusive policies, the plaintiff Long Island Roller Rebels ("Roller Rebels") sought expedited relief in state court striking down that executive order. Represented by counsel from the New York Civil Liberties Union—and relying on counsel's unique expertise in litigating both state-court Article 78 petitions and civil rights cases defending the rights of transgender clients—the Roller Rebels have now obtained the relief they sought. *See* Declaration of Robert Hodgson, Ex. 8 (state court order, dated May 10, 2024, vacating and permanently enjoining executive order). Because the defendants improperly removed this case, the Roller Rebels were also forced to litigate a motion to remand.

In its Opinion and Order remanding this matter dated April 25, 2024, ECF 11 ("Remand Order"), this Court ordered the defendants to pay "any actual expenses, including attorney's fees, incurred . . . as a result of removal." Pursuant to that Remand Order, the Roller Rebels respectfully request that the Court award $11,765.38 in attorney's fees for 30 hours of attorney time, along with $14.85 in costs,[1] for a total of $11,780.23. This amount, which reflects voluntary reductions the Roller Rebels have made in the exercise of prudent billing judgment, and which relies on rates that fall well within the range awarded in recent years in similar cases, is reasonable and should be granted in full.

## FACTUAL BACKGROUND

This Court summarized the background of this matter in its Remand Order. *See id.* at 1-3. The Roller Rebels here summarize certain facts relevant to their fees application.

---

[1] The NYCLU spent $14.85 for printing and mailing the Court a courtesy copy of Plaintiff's motion to remand. *See* Hodgson Decl. ¶ 18, *id.* Ex. 7.

The defendant Bruce Blakeman issued Executive Order 2-2024 (the "Order") on February 22, 2024, with no prior warning to the public of his intention to do so. Pet. ¶ 26, ECF 1-1. In response, the Roller Rebels assembled their case challenging the Order and seeking expedited relief in a little over two weeks. *See id.* They obtained an expedited briefing and hearing schedule via Order to Show Cause, with a preliminary injunction hearing set for April 15, 2024. *See* ECF 1-25. On the eve of that hearing, the defendants removed the case. *See* ECF 1.

The defendants' timing and conduct in removing this action required an expedited response from the Roller Rebels' counsel and reasonably led counsel to expend additional hours on the matter than would otherwise be spent on a motion to remand. For example, on the afternoon of Thursday, April 11, the defendants filed their Notice of Removal and Notice of Related Case in this Court. ECF 1 at ¶ 3. Because they did not alert the Roller Rebels' counsel to their filing on April 11—the defendants initially listed the Roller Rebels as "pro se" on ECF, directing notice for ECF 1 to "info@longislandrollerrebels.com," and only added the Roller Rebels' counsel on April 12 after being instructed to file a Civil Cover Sheet by the clerk, *see* ECF 2—the Roller Rebels' counsel was first alerted to the filing by their client. Hodgson Decl. ¶ 20. Accordingly, with a hearing scheduled for Monday, April 15, counsel spent time on April 11 and early April 12 researching whether removal had been properly effectuated and drafting communications to counsel for the defendants asking whether and when they planned to file notice of their removal in the state court, since that court's jurisdiction would continue until that point. *See id.* ¶¶ 21-23; 28 U.S.C. 1446(d). Only after Roller Rebels' counsel's email and voice messages to defendants' counsel—and letter to the state court alerting it to the defendants' as-yet-incomplete federal removal—during the early afternoon hours of Friday, April 12, *see* Hodgson Decl. ¶¶ 21-23, did the defendants' counsel file, at 2:25pm, a notice of removal

in state court, prompting that court to call a telephonic hearing with all counsel to understand the effect of the defendants' removal on the April 15 hearing, *id.* ¶ 24.

Concurrent with removal, the defendants also sought to have this action related to the then-pending action in *Blakeman v. James*, Case No. 2:24-cv-01655. *See* ECF 1 at ¶ 6. Because the combination of the defendants' removal action and their request to relate raised the possibility that the defendants were attempting to force the recusal of the judge assigned to that case,[2] the Roller Rebels' counsel reasonably spent time researching the law and local procedure governing case relation, *see* Hodgson Decl. ¶ 25—both to inform their remand motion and to include in their letter filed in this Court on April 15, 2024, opposing relation. *See* ECF 6.

The Roller Rebels filed their motion to remand on April 18, 2024, *see* ECF 7, and this Court granted the motion on April 25, 2024, *see* Remand Order. In granting the Roller Rebels' request for attorney's fees, the Court held that "there is no objectively reasonable basis for the removal of this action" and found "it difficult to view defendants' removal of this case as anything other than a delay tactic." *Id.* at 2, 5. Because the parties were unable to resolve the issue of fees, the Roller Rebels' drafted this application and supporting documents to inform the court of the "actual expenses, including attorney's fees, incurred by plaintiff as a result of removal." Removal Order at 5; *see also* ECF 12.

Upon remand, the state court re-calendared its hearing for May 7, 2024, and it issued a decision vacating and permanently enjoining the Order on May 10, 2024. *See* Hodgson Decl. ¶ 26; *id.* Ex. 8.

---

[2] On April 12, the same day the defendants removed this case and sought relation to *Blakeman v. James*, Defendant Blakeman referred to Judge Nusrat Choudhury as "a federal judge with a background as a Civil Liberties Union lawyer," seeming to draw a direct connection between her prior employer and counsel for the Roller Rebels. *See* Tim Balk, *Judge dismisses Nassau County suit*, NY DAILY NEWS, Apr. 12, 2024, *available at* https://www.nydailynews.com/2024/04/12/judge-dismisses-nassau-county-suit-against-ag-tish-james-centered-on-trans-sports-ban/.

**ARGUMENT**

The attorney's fees sought by the Roller Rebels—$11,765.38—are reasonable. Courts in this district "use what is commonly referred to as the 'lodestar' method to calculate a presumptively reasonable fee, which involves multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Agudath Israel of Am. v. Hochul*, 2021 WL 5771841, at *4 (E.D.N.Y. Dec. 6, 2021), *aff'd,* No. 22-38, 2023 WL 2637344 (2d Cir. Mar. 27, 2023); *see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 183 (2d Cir. 2008).[3]

Here, the Roller Rebels' counsel has requested rates within the range found to be reasonable for civil rights litigators in recent cases in this forum, and they have voluntarily reduced their hours billed to align with the amount of time courts in this Circuit have held to be reasonable for simple remand motions. Accordingly, the award they seek is reasonable and warranted.

**I.     The hourly rates requested by the Roller Rebels' counsel are reasonable.**

The first component of the reasonable-fee calculation is determining a reasonable hourly rate, or "what a reasonable, paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 184.[4] In determining a reasonable hourly rate, district courts "consider[] all pertinent factors, including

---

[3] The Court may "adjust the presumptively reasonable fee when it 'does not adequately take into account a factor that may properly be considered in determining a reasonable fee.'" *Agudath*, 2021 WL 5771841, at *4 (quoting *Lilly v. City of N.Y.*, 934 F.3d 222, 230 (2d Cir. 2019)).

[4] In determining what a reasonable, paying client would be willing to pay, the Court "should . . . consider factors including, but not limited to, the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted pro bono (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation." *Arbor Hill*, 522 F.3d at 184.

4

the *Johnson* factors."[5] *Lilly v. City of New York*, 934 F.3d 222, 230 (2d Cir. 2019). And the Second Circuit's "'forum rule' generally requires use of 'the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee.'" *Bergerson v. N.Y. State Office of Mental Health*, 652 F.3d 277, 290 (2d Cir. 2011) (quoting *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)).[6]

The hourly rates sought for the work of the Roller Rebels' counsel in this litigation are commensurate with rates awarded in civil rights litigation in the Eastern District of New York and reasonable under the *Johnson* factors. Here, the Roller Rebels request that their counsel's work be compensated at the following rates.

| Name | Title | Rate |
|------|-------|------|
| Molly Biklen | Deputy Legal Director | $575 |
| Robert Hodgson | Assistant Legal Director | $500 |
| Gabriella Larios | Staff Attorney | $275 |

These rates are consistent with rates that have been awarded in other civil rights litigation in this district for attorneys with comparable levels of experience—and in light of the effect of inflation, *see HVT, Inc. v. Port Auth. of New York & New Jersey*, 2023 WL 5441898, at *5 (E.D.N.Y. Aug. 22, 2023) (using "the Consumer Price Index inflation calculator available from

---

[5] The so-called "*Johnson* factors," developed by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), are as follows: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 717–19.

[6] Although the NYCLU maintains offices in the Southern District of New York and likely would be entitled to out-of-district rates, *see* Hodgson Decl. ¶ 3, the Roller Rebels are voluntarily seeking in-district rates at a discount to the rates they ordinarily recover in the Southern District.

the U.S. Bureau of Labor Statistics"[7] to "calculate the impact of inflation" on in-district rates),
*adopted by* 2023 WL 6035673 (E.D.N.Y. Sept. 15, 2023), they appear to be lower than the
inflation-adjusted rates in several cases. *See, e.g.*, *Agudath*, 2021 WL 5771841, at *7, *9 (in
2021, awarding hourly rate of $600 for attorney with 22 years' experience, $450 for attorney
with 13 years' experience, $350 for an associate with six years' experience, and $200 for an
associate with two years' experience "who does not have experience litigating" the type of claim
at issue in that case);[8] *Ctr. for Popular Democracy v. Bd. of Governors of Fed. Rsrv. Sys.*, 2021
WL 4452202, at *11 (E.D.N.Y. Sept. 29, 2021) (in 2021, awarding rate of $575 to attorney with
27 years' experience, $515 to attorney with 13 years' experience, $450 to attorney with 11 years'
experience, $360 to attorney with 6 years' experience).[9] In 2019, a court in this district awarded
attorneys from the New York Civil Liberties Union the following hourly rates: $600 for the
Legal Director with 51 years' experience; $400 for an attorney with 11 years' experience; and
$300 for an attorney who worked on the case from the time he was a new attorney through to its
conclusion 6 years after his graduation. *Centro de la Comunidad Hispana de Locust Valley v.
Town of Oyster Bay*, 2019 WL 2870721, at *8 (E.D.N.Y. June 18, 2019), *adopted by* 2019 WL
2869150 (E.D.N.Y. July 3, 2019). Using the CPI Inflation Calculator, those rates in March 2024,
the most recent date available, would be equal to $731.62, $487.75, and $365.81, respectively.

Ms. Biklen, the Associate Legal Director of the NYCLU, is a 2004 graduate of Columbia
Law School. She has 19 years' legal experience with complex federal litigation, including 16

---

[7] U.S. Bureau of Labor Statistics, *CPI Inflation Calculator*, available at
https://www.bls.gov/data/inflation_calculator.htm.

[8] Using the CPI Inflation Calculator as of March 2024, the most recent date available, those rates would be as
follows: $600 -> $672.26; $450 -> $504.12; $350 -> $392.09; $200 -> $224.05.

[9] Using the CPI Inflation Calculator as of March 2024, the most recent date available, those rates would be as
follows: $575 -> $654.70; $515 -> $586.38; $450 -> $512.37; $360 -> $409.90.

years litigating employment and civil rights cases in federal court and two years of clerking in federal district court for the Hon. Lewis A. Kaplan and at the Second Circuit for the Hon. Sonia Sotomayor. *See* Hodgson Decl. ¶¶ 10-12; *id.* Ex. 3. Ms. Biklen previously served as a trial attorney, senior trial attorney, and supervisor at the U.S. Department of Labor, Office of the New York Regional Solicitor, where she litigated cases since 2009. *Id.* Ms. Biklen regularly teaches continuing legal education on federal civil litigation. *Id.*

Mr. Hodgson, the Assistant Legal Director of the NYCLU and its Director of LGBTQ Rights Litigation, is a 2012 graduate of Harvard Law School. Since clerking in federal district court for the Hon. David O. Carter, he has specialized in LGBTQ rights litigation in New York (first as a Skadden Fellow, and then as the NYCLU's lead attorney litigating on behalf of LGBTQ clients), including as part of the NYCLU and ACLU team that represented Donald Zarda before the Supreme Court in *Zarda v. Altitude Express*, a companion case to *Bostock v. Clayton County*, which established the applicability of Title VII antidiscrimination protections to LGBTQ people. *See* Hodgson Decl. ¶¶ 4-5; *id.* Ex. 1. He has also led or supervised litigation in more than two dozen state court petitions—like this case—seeking Article 78 relief against municipal governments. *See id.* His work routinely includes presenting CLEs and consulting on state and local antidiscrimination legislation, regulations, policies, trainings, and guidance regarding the rights of LGBTQ people in New York. *See id.*

Ms. Larios is a 2020 graduate of New York University. She joined the NYCLU that year as an Equal Justice Works Legal Fellow with a project focused on litigating on behalf of people facing anti-LGBTQ discrimination and barriers to accessing health care or their reproductive rights. She has litigated several cases in state and federal court on behalf of transgender clients, and for several years she has regularly developed and presented CLEs and trainings to attorneys

regarding the rights of LGBTQ people in New York and nationwide. *See* Hodgson Decl. ¶¶ 13-15, Ex. 5. While at the NYCLU, she has also been counsel in numerous complex civil rights cases, including class actions, on behalf of people facing discrimination and abuse from municipal defendants. *See id.*

The rates requested by the Roller Rebels counsel are thus consistent with rates awarded in this district in civil rights cases, adjusted for inflation and involving attorneys with similar levels of experience. Particularly in light of the rates awarded in this district to NYCLU attorneys as recently as 2019, *see Centro de la Comunidad Hispana*, 2019 WL 2870721, at *8, these rates are reasonable.

Several of the *Johnson* factors also support the Roller Rebels' requested rates, beginning with the "results obtained" in this litigation. *Lilly*, 934 F.3d at 228. "The most critical factor in a district court's determination of what constitutes reasonable attorneys' fees in a given case is the degree of success obtained by the plaintiff." *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) (internal quotation marks omitted)). Here, the Roller Rebels' counsel promptly succeeded in remanding their case back to state court, and then nearly-as-promptly obtained the remedy they sought in that forum.

In addition, the "time limitations imposed by the client or the circumstances," *Lilly*, 934 F.3d at 228, required the Roller Rebels' counsel to work as quickly as possible to strike down an unprecedented discriminatory order that took effect immediately and without warning on February 22 and prevented the Roller Rebels from accessing public facilities beginning with scheduled events set to take place in mid-April. *See* ECF 1-1 at ¶ 65. The defendants' improper removal, which stripped the state court of jurisdiction days before it was scheduled to hear arguments on the Roller Rebels' request for expedited relief, required counsel to work even more

8

quickly to obtain a swift remand and seek a new hearing date before the state court as soon as possible after its original April 15 date. *See* Hodgson Decl. ¶¶ 20-26.

Finally, the experience, reputation, and ability of the Roller Rebels' counsel have been material to the success of this action and support their requested rates. *See Lilly*, 934 F.3d at 228. Counsel have significant experience litigating civil rights cases—in particular LGBTQ rights cases involving complex strategic questions regarding the availability of relief under possible state or federal claims—as well as state court Article 78 petitions against municipalities including Nassau, *see* Hodgson Decl. ¶¶ 5-15. That experience has informed and aided the Roller Rebels' counsel in navigating the defendants' unorthodox litigation strategies throughout this case, including by responding quickly and successfully to their improper removal action.

## II.    The hours expended by the Roller Rebels' counsel are reasonable.

The second component of the reasonable-fee calculation is "the number of hours reasonably expended on the litigation." *Arbor Hill*, 522 F.3d at 186 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The burden is "on the party seeking an award of fees to 'submit sufficient evidence to support the hours worked and the rates claimed.'" *Centro de la Comunidad Hispana*, 2019 WL 2870721, at *3 (quoting *Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 298 (E.D.N.Y. 2012)). In evaluating the reasonableness of the hours expended on a case, the relevant inquiry for the Court "is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992).

Here, the number of hours for which the Roller Rebels seek compensation is reasonable, since they have voluntarily exercised prudent billing judgment to limit their request to the "about 30 hours" that "district courts across this Circuit" have found to be reasonable for a motion to

remand. *Mosher v. Davita Healthcare Partners Inc.*, 2016 WL 3963131, at *2 (S.D.N.Y. July 20, 2016) (ordering a payment of $24,752.18 for 30 hours' work and citing *Samuel v. Town of Cheektowaga*, 2010 WL 411090, at *2 (W.D.N.Y. Jan. 25, 2010) (identifying "about 30 hours" as a presumptively reasonable number); and *MB Fin. Bank, N.A. v. 56 Walker, LLC*, 2011 WL 6338808, at *4 (S.D.N.Y. Dec. 19, 2011) (awarding fees for 30.6 hours)). Even after reviewing for and removing any entries that were potentially excessive or duplicative, and after removing the 5 paralegal hours reasonably spent finalizing and filing documents, *see* Hodgson Decl. ¶¶ 6-7, 9, 12, 15-17—the Roller Rebels' counsel has identified 49.3 total attorney hours spent working on this matter "as a result of removal," Removal Order at 5; *see also* Hodgson Decl. ¶ 17.[10] To that number, they have applied a 39% across-the-board reduction to cap their request at 30 hours.

As set forth more fully above, the Roller Rebels respectfully submit that this Court could find that all 49.3 hours they spent on this matter were reasonable in light of the defendants' timing and their conduct throughout the removal process. *See supra* at 2-3; *see also Alveranga v. Winston*, 2007 WL 595069, at *8 (E.D.N.Y. Feb. 22, 2007) (awarding fees for 52.66 attorney hours on a remand motion). However, in the interest of coming to a resolution and to obviate the need for further dispute on this issue the Roller Rebels are willing to limit their request to 30 hours. Even were the Roller Rebels' total recorded hours not manifestly reasonable—and they are—the reductions counsel have voluntarily applied erase any doubt as to the reasonableness of

---

[10] While the Roller Rebels note that the several hours counsel spent ensuring that the state court was apprised of the defendants' removal action, appearing before the state court to discuss the effect of the defendants' removal action, and otherwise drafting materials to be filed in the state court regarding the status of their remand motion could all fairly be characterized as expenses incurred "as a result of removal," Removal Order at 5, out of an abundance of caution they have declined to seek fees on that time here. They have limited their fee application to time spent on matters explicitly before this Court. *See* Hodgson Decl. ¶ 7.

the hours for which they seek compensation.[11] *See Bobrow Palumbo Sales, Inc. v. Broan-Nutone, LLC*, 549 F. Supp. 2d 274, 284 (E.D.N.Y. 2008) (finding requested fees reasonable after application of across-the-board reduction of 10 percent).

### III.    The Roller Rebels' timesheet entries are sufficiently detailed.

The Roller Rebels' counsel have also sufficiently documented their billable hours. The party seeking fees must "provide accurate, detailed and contemporaneous time records." *Centro de la Comunidad Hispana*, 2019 WL 2870721, at \*6 (internal citations and quotations omitted); *see also Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) ("Applications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done"). Here, the Roller Rebels' counsel's detailed time entries more than satisfy this standard. *See* Hodgson Decl., Exs. 2, 4, and 6.

<u>**CONCLUSION**</u>

For the foregoing reasons, the Roller Rebels respectfully request that the Court grant this motion and award them $11,765.38 in attorney's fees and $14.85 in costs, for a total of $11,780.23.

---

[11] The Roller Rebels reserve the right to seek additional attorney's fees and costs that may be incurred in connection with litigating their entitlement to attorney's fees, with any other continued litigation before this Court, or with any appeal of this Court's orders.

Dated: May 16, 2024
　　　New York, N.Y.

Respectfully Submitted,

NEW YORK CIVIL LIBERTIES UNION
　　FOUNDATION

*/s/ Robert Hodgson*
Robert Hodgson
Gabriella Larios
Molly K. Biklen
125 Broad Street, 19th Floor
New York, N.Y. 10004
Tel: (212) 607-3300
rhodgson@nyclu.org
glarios@nyclu.org
mbiklen@nyclu.org

*Counsel for Plaintiff*