UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LONG ISLAND ROLLER REBELS,

        Plaintiff,

  v.

BRUCE BLAKEMAN in his official capacity as NASSAU COUNTY EXECUTIVE, and COUNTY OF NASSAU,

        Defendants.

Case No. 2:24-cv-02721 (ARR/LGD)

---

**DECLARATION OF ROBERT HODGSON
IN SUPPORT OF PLAINTIFF'S FEE APPLICATION**

ROBERT HODGSON, pursuant to 28 U.S.C. § 1746, declares as follows under the penalty of perjury:

1. I am a member of the bar of this Court and of the State of New York, and co-counsel for Plaintiff. Plaintiff has been represented in this matter by counsel from the New York Civil Liberties Union Foundation (NYCLU). I submit this declaration in support of Plaintiff's application for fees pursuant to this Court's order dated April 25, 2024, ECF 11 ("Remand Order").

2. This declaration substantiates that portion of Plaintiff's fees application arising out of the work of the NYCLU staff in this case. Accordingly, it primarily focuses on the professional background and experience of the NYCLU staff, particularly in civil rights matters, that support the hourly rates they are seeking; the methods the NYCLU staff utilized for recording contemporaneous time records; the expenses incurred by the NYCLU in this matter;

and the NYCLU's exercise of sound billing judgment in arriving at a fair and reasonable fee request.

### FACTS RELATED TO RATES AND HOURS

3. The NYCLU, the New York State affiliate of the American Civil Liberties Union, maintains its principal offices in New York City. Although, as a statewide organization, the NYCLU has regional offices throughout the state, its litigators exclusively work out of the New York City office. All the NYCLU attorneys who have worked on this case maintained their offices at the NYCLU's primary location in lower Manhattan.

4. I graduated from Harvard Law School in 2012 and was admitted to the practice of law in the State of New York in 2013. I am admitted in the EDNY, SDNY, WDNY, NDNY, and the Second Circuit. I am the Assistant Legal Director of the NYCLU and its Director of LGBTQ Rights Litigation. I have worked at the NYCLU since 2013, when I was awarded a Skadden Fellowship to litigate and advocate on behalf of LGBTQ people in New York State. Before joining the NYCLU, I was a law clerk to the Hon. David O. Carter, United States District Judge for the Central District of California. My resume is attached to this declaration as **Exhibit 1**.

5. Since joining the NYCLU in 2013, I have specialized in complex civil rights litigation with a focus on the rights of LGBTQ people in New York. Representative cases I have litigated include *Holland v. Broome County*, 22-cv-297 (N.D.N.Y.) (challenging discrimination and harassment faced by transgender woman in a jail); *LeTray v. Jefferson County*, 20-cv-1194 (N.D.N.Y.) (challenging discrimination and harassment faced by transgender woman in jail and police custody); *Dominguez v. NYPD*, No. 20841/2019E (Bronx County Supreme Court) (challenging discrimination and harassment faced by transgender woman by NYPD); *Duchitanga v. Lloyd*, 1:18-cv-10332 (S.D.N.Y.) (nationwide class action challenging delays in

2

releasing migrant children in government custody); *L.V.M. v. Lloyd*, 1:18-cv-1453 (S.D.N.Y.) (class action challenging prolonged detention of immigrant children). I appeared on the briefs and was part of the ACLU and NYCLU litigation team that represented Donald Zarda before the Supreme Court in *Zarda v. Altitude Express*, No. 17-1623, the companion case decided alongside *Bostock v. Clayton County*, No. 17-1618, that held Title VII's prohibition on sex discrimination prohibits discrimination on the basis of sexual orientation and gender identity. I have also led or supervised litigation in more than two dozen state court petitions and appeals seeking Article 78 relief against municipal governments, including Nassau County. *See NYCLU v. Nassau County*, No. 612605/2021 (Nassau County Supreme Court) (Freedom of Information Law litigation regarding access to police disciplinary records). In addition, my work routinely includes presenting CLEs and consulting on state and local antidiscrimination legislation, regulations, policies, trainings, and guidance regarding the rights of LGBTQ people in New York.

6. The fee request advanced by and on behalf of the NYCLU is reasonable in all respects. This litigation involved time-sensitive emergency motion practice leading up to the defendants' eve-of-hearing removal, and to address the subsequent time-sensitive remand motion the NYCLU staffed it efficiently to meet the needs of the case. The fee request rests upon contemporaneous time records maintained by each staff member and reflects the exercise of billing judgment to reduce the number of billable hours. I have reviewed each attorney's time records and they are consistent with my recollection of the work performed.

7. In the exercise of billing judgment, the NYCLU is voluntarily reducing its fee request in a number of ways. First, the NYCLU is not seeking fees for the 5 hours of paralegal time Angelica Ceballos spent finalizing, filing, and mailing documents associated with the removal and remand. Second, the NYCLU is not seeking fees for at least 5 attorney hours spent

3

ensuring that the state court was apprised of the defendants' removal action, appearing before the state court to discuss the effect of the defendants' removal action, and otherwise drafting materials to be filed in the state court regarding the status of their remand motion that could all fairly be characterized as expenses incurred "as a result of removal," *see* Removal Order at 5, and we have limited our fee application to time spent on matters explicitly before this Court. Third, each staff member's time records have been reviewed and any entries that may be duplicative or excessive have been removed. And fourth, the NYCLU has applied an across-the-board reduction of 39 percent to its remaining billable hours to cap them at 30.

8. I have engaged in all aspects of this litigation in both a direct and supervisory capacity, including drafting, reviewing and/or editing the principal documents at issue here. With respect to my work, I recorded my time contemporaneously, documenting the date, the tasks performed, and the amount of time spent on each task detailed to the tenth of an hour. To tabulate my hours for purposes of this fee application, I have consolidated my time records into the computer program the NYCLU maintains for recording billable time. My contemporaneous records of the time for which the NYCLU is seeking recovery of fees are attached to this declaration as **Exhibit 2**.

9. I have reviewed my time records to ensure the time associated with the described tasks is not excessive. After removing certain time records in the exercise of billing judgment, the total number of my billable hours for this matter is 23.2. Applying our 39% across-the-board reduction, the NYCLU seeks a fee amount of $7,076 (23.2 hours X $500/hr = $11,600 – (.39)(11,600) = $7,076).

10. Molly Biklen is the Associate Legal Director of the NYCLU. She is a 2004 graduate of Columbia Law School and was admitted to practice law in the State of New York in

4

2005. Following law school, she served as a law clerk to the Honorable Sonia Sotomayor, then of the Court of Appeals for the Second Circuit, and the Honorable Lewis Kaplan of the District Court for the Southern District of New York. She also worked for more than a decade at the U.S. Department of Labor, Office of the New York Regional Solicitor, including as a senior trial attorney and supervisor. Her resume is attached to this declaration as **Exhibit 3**.

11. Ms. Biklen has extensive experience in complex federal litigation, including 16 years litigating civil rights and employment cases. Recent examples of cases she has litigated include *Perez v. Puerto Rico Police Department*, 16-cv-02849 (D.P.R.) (challenging unlawful labor practices of police department); *Lewis-McCoy v. Wolf*, 20-cv-1142 (S.D.N.Y) (class action challenging ban on New Yorkers' participation in Global Entry program); *Jones v. Stanford*, 20-cv-1332 (E.D.N.Y.) (challenge to parole conditions that infringe on constitutional rights); and *M.C. v. Jefferson Cnty.*, No. 6:22-CV-190 (N.D.N.Y.) (class action challenge to inadequate medical care for opioid use disorder in county jail). Ms. Biklen also regularly teaches continuing legal education on federal civil litigation.

12. Ms. Biklen has been engaged in all aspects of the litigation in both a direct and supervisory capacity, including reviewing and editing the principal documents in this case. The time that Ms. Biklen has devoted to this case was entered contemporaneously into a computer program maintained by the NCYLU for recording billable time. Those records are attached to this declaration as **Exhibit 4**. The records reflect that Ms. Biklen devoted 1.7 hours to removal and remand issues, and this is consistent with my observation of the work performed. Applying our 39% across-the-board reduction, the NYCLU seeks $596.28 for Ms. Biklen (1.7 hours X $575/hr = $977.50 – (.39)(977.50) = $596.28).

13. Gabriella Larios is a Staff Attorney at the NYCLU. A 2020 graduate of New York University, she joined the NYCLU that year as an Equal Justice Works Legal Fellow with a project focused on litigating on behalf of people facing anti-LGBTQ discrimination and barriers to accessing health care or their reproductive rights. A copy of her resume is attached to this declaration as **Exhibit 5**.

14. Ms. Larios's practice at the NYCLU has focused on complex civil rights litigation, working in particular on cases and advocacy on behalf of LGBTQ people. Representative cases she has litigated include *Holland v. Broome County*, 22-cv-297 (N.D.N.Y.) (challenging discrimination and harassment faced by transgender woman in a jail); *Princess Janae Place v. New York State Office of Temporary and Disability Assistance*, No. 153065/2021 (New York County Supreme Court) (statewide challenge to NYS agency discrimination against transgender and non-binary benefits applicants); *M.C. v. Jefferson Cnty.*, No. 6:22-CV-190 (N.D.N.Y.) (class action challenge to inadequate medical care for opioid use disorder in county jail). For several years she has also regularly developed and presented CLEs and trainings to attorneys regarding the rights of LGBTQ people in New York and nationwide.

15. Ms. Larios has engaged in all aspects of this litigation, including drafting, reviewing and/or editing the principal documents at issue here. The time that Ms. Larios has devoted to this case was entered contemporaneously into a computer program maintained by the NCYLU for recording billable time. Those records are attached to this declaration as **Exhibit 6**. The records reflect that Ms. Larios devoted 24.4 hours to removal and remand issues, and this is consistent with my observation of the work performed. Applying our 39% across-the-board reduction, the NYCLU seeks $4,093.10 for Ms. Larios (24.4 hours X $275/hr = $6,710 – (.39)(6,710) = $4,093.10).

6

16. A NYCLU paralegal, Angelica Ceballos, expended 5 billable hours finalizing, filing, and mailing documents related to removal and remand in this Court. She recorded her time contemporaneously. In exercising billing judgment, the NYCLU does not seek fees for these hours.

17. Accordingly, the total amount of fees sought by the NYCLU is $11,765.38. That total includes:

- $7,076 for Mr. Hodgson (23.2 hours X $500/hr = $11,600 – (.39)(11,600) = $7,076)
- $4,093.10 for Ms. Larios (24.4 hours X $275/hr = $6,710 – (.39)(6,710) = $4,093.10)
- $596.28 for Ms. Biklen (1.7 hours X $575/hr = $977.50 – (.39)(977.50) = $596.28)

18. The additional recoverable costs incurred by the NYCLU—for printing and mailing the Court a courtesy copy of Plaintiff's motion to remand—total $14.85, as documented in the Bill of Costs attached to this declaration as **Exhibit 7**.

19. For the foregoing reasons, the NYCLU respectfully requests that a total amount of $11,780.23 be awarded.

## *ADDITIONAL RELEVANT FACTS*

20. On the afternoon of Thursday, April 11, 2024, the defendants filed their Notice of Removal and Notice of Related Case in this Court. ECF 1 at ¶ 3. Because they did not alert the Roller Rebels' counsel to their filing on April 11—the defendants appear to have initially listed the Roller Rebels as "pro se" on ECF, directing notice to "info@longislandrollerrebels.com," and only added the NYCLU on April 12 after being instructed to file a Civil Cover Sheet by the clerk, *see* ECF 2—the Roller Rebels' counsel was first alerted to the filing by their client just after 5pm. The info@longislandrollerrebels.com email had received an automatically-generated ECF notification at 4:35pm for ECF 1. Counsel for the defendants did not contact the NYCLU or otherwise serve or alert counsel to the filing.

21. Accordingly, with a hearing scheduled for Monday, April 15, Gabriella Larios, myself, and Molly Biklen spent time on April 11 and early April 12 researching whether removal had been properly effectuated and drafting communications to counsel for the defendants asking whether and when they planned to file notice of their removal in the state court, since that court's jurisdiction would continue until the state court filing pursuant to 28 U.S.C. 1446(d).

22. Around noon on April 12, with no service having been effectuated and no filing at all in the state court action, Gabriella Larios and Robert Hodgson attempted to call all three counsel who had made an appearance in the state and federal matters on behalf of the defendants and left voicemail messages for each to confirm whether and when the defendants intended to complete removal and/or inform the state court judge that their removal would require the cancelation of the parties' April 15 hearing. At approximately 1pm Gabriella Larios sent defendants' counsel an email objecting to counsels' failure to contact the NYCLU, asking for confirmation if the defendants intended to file anything on the state docket and complete the removal process under 28 U.S.C. 1446(d), and otherwise asking for confirmation that counsel would clarify their intentions for the NYCLU and for the state court judge in light of the parties' long-scheduled hearing.

23. Having received no response, at 2:23pm on April 12 Gabriella Larios wrote to the state court via NYSCEF electronic filing and email, informing the judge of the defendants' federal filing and its possible effect on the April 15 hearing.

24. Only then did the defendants file their notice of removal on the state court docket, at which point the state court initiated a telephonic conference to be attended by counsel for both parties at 3pm on April 12. Gabriella Larios and I attended that conference.

25. Concurrent with removal, the defendants also sought to have this action related to the then-pending action in *Blakeman v. James*, Case No. 2:24-cv-01655. *See* ECF 1 at ¶ 6. Because the combination of the defendants' removal action and their request to relate raised the possibility that the defendants were attempting to force the recusal of the judge assigned to that case,[1] counsel at the NYCLU reasonably spent time researching the law and local procedure governing case relation, both to inform their remand motion and to include in their letter filed in this Court on April 15, 2024, opposing relation. *See* ECF 6.

26. Upon remand, the state court re-calendared its hearing for May 7, 2024, and it issued a decision vacating and permanently enjoining Nass County Executive Order 2-2024 on May 10, 2024. That decision is attached to this declaration as **Exhibit 8**.

Dated: May 16, 2024
       New York, New York

                                                            */s/ Robert Hodgson*
                                                            Robert Hodgson

---

[1] On April 12, the same day the defendants removed this case and sought relation to *Blakeman v. James*, Defendant Blakeman referred to Judge Nusrat Choudhury as "a federal judge with a background as a Civil Liberties Union lawyer," seeming to draw a direct connection between her prior employer and counsel for the Roller Rebels. *See* Tim Balk, *Judge dismisses Nassau County suit*, NY DAILY NEWS, Apr. 12, 2024, *available at* https://www.nydailynews.com/2024/04/12/judge-dismisses-nassau-county-suit-against-ag-tish-james-centered-on-trans-sports-ban/.

9