UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LONG ISLAND ROLLER REBELS,

                              Plaintiff,

     v.

BRUCE BLAKEMAN in his official capacity
as NASSAU COUNTY EXECUTIVE, and
COUNTY OF NASSAU

                         Defendants.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

2:24-cv-02721 (ARR) (LGD)

**LEE G. DUNST**, Magistrate Judge:

      Presently before the Court is Plaintiff Long Island Roller Rebels' Application for Fees and Costs. Electronic Case Filing ("ECF") No. 13 (the "Application"). Plaintiff and its attorneys from the New York Civil Liberties Union (the "NYCLU") seek $11,765.38 in fees and $14.85 in costs associated with briefing and litigating a successful motion to remand this case to state court. *See generally* ECF No. 13; ECF No. 11. On June 6, 2024, the Honorable Allyne R. Ross referred the Application to the undersigned for a Report and Recommendation. For the reasons set forth below, the undersigned recommends that the Application be GRANTED with a slight reduction in the amount of fees awarded. In total, the Court recommends that Plaintiff be awarded a total of $11,183.95 in fees and costs.

**I.    BACKGROUND**

    **A.    Factual and Procedural History**

      The Court presumes familiarity with the underlying factual background as set forth in Judge Ross's Opinion and Order. ECF No. 11. Briefly, on February 22, 2024, Nassau County Executive Bruce Blakeman issued Executive Order 2-2024 ("EO 2-2024"). In essence, EO 2-

2024 prohibited transgender women and girls from participating in women's and girl's sporting events at certain facilities in Nassau County. *Id.* at 1-2. Just two weeks later, Plaintiff, a roller derby league,[1] challenged EO 2-2024 in New York state court, claiming it violated New York state law. *Id*. Defendants Nassau County and County Executive Blakeman filed a notice of removal in this Court. ECF No. 1. Plaintiff and its attorneys at the NYCLU opposed removal, moving to remand the case back to state court and also requesting attorney's fees under 28 U.S.C. § 1447(c). ECF No. 7. Judge Ross granted Plaintiff's motion, concluding that removal was a "delay tactic," and that "there [was] no objectively reasonable basis for the removal of this action to federal court." ECF No. 11 at 3, 5. And for the same reason, she concluded that Plaintiff was entitled to recover fees and costs under 28 U.S.C. § 1447(c). *Id.* at 5.

Plaintiff filed the Application on May 16, 2024. Defendants oppose the Application and argue that, despite Judge Ross's order, Plaintiff is entitled to no fees at all and, alternatively, many of Plaintiff's time entries are duplicative and vague. *See* ECF No. 14. Plaintiff timely filed a reply in support of the Application. ECF No. 15. On June 6, 2024, Judge Ross referred the Application to the undersigned for a Report and Recommendation. *See* June 6, 2024 Order.

### B. The Fee Application

Plaintiff seeks a total $11,765.38 in fees for the work of three NYCLU attorneys and $14.85 in costs. ECF No. 13 at 1. In support of the Application, Plaintiff provided the Court with the resumes and time sheets of the three NYCLU attorneys who worked on the case and documentation supporting its request for costs. *See* ECF No. 13-1. Additionally, Plaintiff notes that it has applied an across-the-board reduction of 39% for all fees in the Application. ECF No.

---

[1] Plaintiff has been in existence for approximately 20 years and is "a member of the Women's Flat Track Roller Derby Association (WFTDA), the sport's foremost governing body with more than 360 member leagues." *Meet the Rebels*, LONG ISLAND ROLLER REBELS, https://longislandrollerrebels.org/meet-the-rebels/ (last visited Oct. 23, 2024).

13 at 10; ECF No. 13-1 ¶ 7.

The attorneys who worked on this case and the costs incurred are detailed below:

1. Molly Biklen

Molly Biklen graduated from Columbia University Law School in 2004. ECF No. 13 at 6. Ms. Biklen clerked for judges at the federal district and circuit court levels, including Judge Sonia Sotomayor before she was elevated to the United States Supreme Court. *Id.* at 7. She has substantial experience as an attorney at the federal and state level and in private practice. *Id.* Ms. Biklen currently is the Associate Legal Director of the NYCLU. *Id.* With respect to this litigation, Ms. Biklen seeks an hourly rate of $575 for 1.70 hours of work. *Id.* at 5. She attended one meeting in this case and billed time to reviewing draft emails and motions. ECF No. 13-5.

2. Robert Hodgson

Robert Hodgson is a 2012 graduate of Harvard Law School. ECF No. 13-1 ¶ 4. He currently serves as the Assistant Legal Director of the NYCLU and as Director of LGBTQ Rights Litigation. *Id.* Prior to joining the NYCLU, Mr. Hodgson served as a law clerk in federal court and was a Skadden Fellow. *Id.* Mr. Hodgson has significant experience litigating LGBTQ rights matters like this one. *Id.* ¶ 5. He served as the senior attorney in this case, recording a total 23.20 hours of time at an hourly rate of $500. ECF No. 13-3. Mr. Hodgson's contributions to the case include reviewing and editing drafts of motions and emails, reviewing defendants' filings, and attending meetings. *Id.*

3. Gabriella Larios

Gabriella Larios graduated from New York University Law School in 2020. ECF No. 13-1 ¶ 13. Since then, she has been employed at the NYCLU, focusing her practice on litigating LGBTQ rights cases. *Id.* ¶ 14. Ms. Larios was the junior lawyer staffed on this matter and thus took on a primary role in drafting memoranda of law and other case documents. *Id.* ¶ 15; *see*

*also* ECF No. 13-7.  Ms. Larios seeks an hourly rate of $275 for 24.4 hours of work.  ECF No. 13 ¶ 15.

    4.    Costs

In addition to attorney's fees, Plaintiff requests $14.85 in costs for printing and mailing a courtesy copy of their motion to remand to the Court.  *Id.* ¶ 18.  Plaintiff supports this request with a Bill of Costs.  ECF No. 13-8.  Notably, Defendants do not object to the request for costs.  *See generally* ECF No. 14; *see also* ECF No. 15 at 5 n.3.

    5.    NYCLU's Discretionary Reductions

The NYCLU notes that it has voluntarily reduced its fee request in numerous ways.  ECF No. 13 at 10; ECF No. 13-1 ¶ 7.  For example, the NYCLU does not seek fees for paralegal work.  ECF No. 13-1 ¶ 7.  The Application also does not include time spent by attorneys informing the state court of the developments in the federal case.  *Id.*  And most critically, the NYCLU has "applied an across-the-board reduction of 39 percent to its remaining billable hours to cap them at 30."  *Id.*

The total request is summarized below:

**FEES**

| Attorney | Hourly Rate | Hours Spent | Subtotal | Reduction | Total |
|---|---|---|---|---|---|
| Biklen | $575 | 1.7 | $977.50 | 39% | $596.28 |
| Hodgson | $500 | 23.2 | $11,600 | 39% | $7,076 |
| Larios | $275 | 24.4 | $6,710 | 39% | $4,093.10 |
| | | | | TOTAL | $11,765.38 |

**COSTS**

| Date | Cost | Price |
|---|---|---|
| 4/18/2024 | Mailing – Courtesy Copy of Motion to Remand | $9.85 |
| 4/18/2024 | Printing – Courtesy Copy of Motion to Remand | $5.00 |
| | TOTAL | $14.85 |

## II.  LEGAL STANDARD

In the United States, absent explicit statutory authority, each party is generally required to bear its own costs. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 602-03 (2001). The federal statute governing removal and remand provides that "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Success on a motion to remand alone is not sufficient to award fees. *Kahlon v. Yitzhak*, 270 F. Supp. 3d 583, 589 (E.D.N.Y. 2017). Instead, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also Kahlon*, 270 F. Supp 3d at 589.

In calculating an appropriate fee, courts begin by determining "the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). A court may exercise its discretion and reduce an award where it determines "that some of the time was not reasonably necessary" to complete the work. *Sullivan v. Aircraft Servs. Grp., Inc.*, No. 19-CV-6500, 2023 WL 6160187, at *5 (E.D.N.Y. Sept. 1, 2023) (quoting *Louis Vuitton Malletier, S.A. v. LY USA, Inc.*, 676 F.3d 83, 111 (2d Cir. 2012)), *report and recommendation adopted*, 2023 WL 6158953 (E.D.N.Y. Sept. 21, 2023). Finally, "[t]he applicant bears the burden to demonstrate reasonableness." *Sadowski v. Yeshiva World News, LLC*, No. 21-CV-7207, 2023 WL 2707096, at *8 (E.D.N.Y. Mar. 16, 2023), *report and recommendation adopted*, 2023 WL 2742157 (E.D.N.Y. Mar. 31, 2023).

5

### III. DISCUSSION[2]

#### A. Reasonable Hourly Rate

As an initial matter, Defendants do not object to the hourly rates of any of the NYCLU attorneys. The Court thus considers any such objection waived. *See Malik v. City of New York*, 841 F. App'x 281, 284 (2d Cir. 2021) (mem.) ("[W]hen a party fails adequately to present arguments in a brief, a court may properly consider those arguments abandoned."); *Rodriguez v. Carson*, 401 F. Supp. 3d 465, 470 (S.D.N.Y. 2019) (same). In any event, the Court, "exercising its considerable discretion," finds that the NYCLU's hourly rates—$575 for Ms. Biklen, $500 for Mr. Hodgson, and $275 for Ms. Larios—are reasonable. *Lilly v. City of New York*, 934 F.3d 222, 230 (2d Cir. 2019) (citation omitted). The NYCLU has specialized experience litigating complex cases on behalf of LGBTQ clients and obtained a successful and efficient resolution to this case—both in federal and state court. *See* ECF No. 13-1 (detailing experience); ECF No. 13-9 (state court order permanently enjoining enforcement of EO 2-2024). Moreover, "Courts in this District have recently awarded hourly rates ranging from the 'high $500s' to the 'low $600s' to civil rights attorneys" with experience like Ms. Biklen and Mr. Hodgson. *See, e.g.*, *HVT, Inc. v. Port Auth. of N.Y. & N.J.*, No. 15-CV-5867, 2023 WL 5441898, at *5 (E.D.N.Y. Aug. 22, 2023) (collecting cases awarding experienced attorneys $600), *report and recommendation adopted*, 2023 WL 6035673 (E.D.N.Y. Sept. 15, 2023); *see also Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, No. 10-CV-2262, 2019 WL 2870721, at *8

---

[2] Defendants briefly nod to (but ultimately do not pursue) an argument that Plaintiff is entitled to no fees at all. *See* ECF No. 14 at 6, 10 (requesting the Application be denied in its entirety). It is unclear whether Defendants seek to relitigate Judge Ross's threshold determination that Plaintiff is entitled to fees or whether Defendants believe each time entry provided by the NYCLU is independently deficient. Regardless, Defendants do not offer any serious legal or factual basis to support either contention and thus waive any such arguments. *See generally Restivo v. Hessemann*, 846 F.3d 547, 592 (2d Cir. 2017) (it is not "the district court's job either to do the [parties'] homework or to take heroic measures aimed at salvaging the [parties] from the predictable consequences of self-indulgent lassitude").

6

(E.D.N.Y. June 18, 2019) (awarding NYCLU attorneys at the senior, middle, and junior levels rates of $600, $400, and $300 respectively for work done over 5 years ago). Accordingly, the undersigned concludes the proposed rates are reasonable.

### B. Number of Hours Expended

The party seeking attorney's fees also bears "the 'burden of proving the reasonableness and the necessity of the hours spent.'" *Shuford v. Cardoza*, No. 17-CV-6349, 2024 WL 865989, at *2 (E.D.N.Y. Feb. 28, 2024) (quoting *Fermin v. Las Delicias Peruanas Rest. Inc.*, 93 F. Supp. 3d 19, 51 (E.D.N.Y. 2015)). Indeed, courts may reduce fees where hours are "excessive, redundant, or otherwise unnecessary." *Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022) (quotation marks and citation omitted). Courts retain considerable discretion to calculate fees with reasonableness serving as the touchstone. *See Centro de la Comunidad Hispana*, 2019 WL 2870721, at *3.

The Court finds that the amount of time spent was reasonable. Although time records indicate Plaintiff's lawyers recorded 49.3 hours—well above what is presumed reasonable for a motion to remand—Plaintiff seeks fees for only 30 hours of work. *See* ECF No. 13 at 10; ECF No. 13-1 ¶ 7. And courts in this Circuit have previously upheld requests for fees totaling approximately 30 hours for motions to remand. *See Mosher v. Davita Healthcare Partners Inc.*, No. 15-CV-7594, 2016 WL 3963131, at *2 (S.D.N.Y. July 20, 2016) (collecting cases).

Further, the undersigned has conducted a detailed review of the contemporaneous time records submitted for each attorney at the NYCLU. ECF No. 13-3; ECF No. 13-5; ECF No. 13-7. The matter was primarily staffed by two attorneys—Mr. Hodgson and Ms. Larios—with limited input from Ms. Biklen. *See* ECF No. 13-3; ECF No. 13-5; ECF No. 13-7. The time records also reflect that Ms. Larios—who billed at a significantly lower rate than Mr. Hodgson— prepared initial drafts of e-mail correspondence and motions, and that Mr. Hodgson reviewed,

7

edited, and supplemented that work.  ECF No. 13-3; ECF No. 13-7.  The Court finds that these records demonstrate a reasonable expenditure of time on the motion to remand.

Defendants' arguments to the contrary are largely unavailing.  Defendants provide a line-by-line account of attorney time they claim is unreasonable.  *See* ECF No. 14 at 6-9.  The Court rejects Defendants' proposed reductions for two reasons.  First, the time entries are sufficiently detailed.  Defendants cite *Carter v. Wolf*, No. 3:06-CV-1351, 2013 WL 1946827, at *4-5 (D. Conn. May 9, 2013), where the court excluded entries like "telephone conference" and "draft correspondence" because they were too vague.  ECF No. 14 at 9.  But Plaintiff's time entries do not suffer from the same defects as those in *Carter* because even the entries Defendants contest include "the date, the hours expended, and the nature of the work done."  *Feuer v. Cornerstone Hotels Corp.*, No. 14-CV-5388, 2021 WL 4894181, at *4 (E.D.N.Y. Oct. 20, 2021) (quoting *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998)).  Indeed, Plaintiff's application identifies not only the "what" (a telephone call, research), but the "who" and "why" (the other parties involved and the purpose of the work).  *Cf. Carter*, 2013 WL 1946827, at *4-5 (no award where entries lack detail and cannot be clarified from surrounding entries).[3]  Second, even were the Court to accept all the proposed reductions—which it does not—the remaining amount still would exceed the 30-hour threshold that Plaintiff requests in the Application.  Defendant's proposed reductions total 16.1 hours.  *See* ECF No. 14 at 6-9.  Thus, reducing Plaintiff's billed hours by the amount Defendants request would still leave Plaintiff entitled to 33.2 hours—3.2

---

[3] By the same token, Defendants' reliance on *Coker v. Goldberg & Associates P.C.* is misplaced.  ECF No. 14 at 9 (citing *Coker v. Goldberg & Assocs. P.C.*, No. 1:21-CV-01803, 2024 WL 2274035, at *4 (S.D.N.Y. May 20, 2024)).  Rather than identify the subject nature of the tasks or correspondence (as Plaintiff does here), the entries in *Coker* did not describe in any detail what work was being done.  *Compare, e.g.*, *Coker*, 2024 WL 2274035, at *4 ("read corr.," "managed tasks"), *with* ECF No. 14 at 8-9 ("Draft email update to PW team re motion to remand," "Meeting with MB and BH re letter to court, email to opposing counsel, next steps re removal").

8

more than it has requested with its 30-hour cap.[4]

The Court agrees with Defendants, however, that Ms. Biklen's entries are duplicative of the work done by Mr. Hodgson. Ms. Biklen and Mr. Hodgson are both senior attorneys at the NYCLU. And while it is true that "[t]here is no per se rule against having multiple attorneys working on the same [case], even when the issues . . . are not complicated," *Sooroojballie v. Port Auth. of N.Y. & N.J.*, No. 15-CV-01230, 2020 WL 9934418, at *10 (E.D.N.Y. Nov. 10, 2020); ECF No. 15 at 3, the Court is still required to make a determination of reasonableness. Courts must be especially cautious where, as here, it does not appear the attorneys "appropriately split the work." *See Sooroojballie*, 2020 WL 9934418, at *10. Indeed, of Ms. Biklen's four time entries, three appear to consist of reviewing work product that Mr. Hodgson also reviewed and the final entry documents attending a meeting with Mr. Hodgson and Ms. Larios. ECF No. 13-3; ECF No. 13-5. Taken together, the relatively simple nature of the motion to remand and Mr. Hodgson's own significant litigation experience show that Ms. Biklen's work was duplicative and ultimately unnecessary. For these reasons, the undersigned recommends exclusion of Ms. Biklen's time, thereby reducing the fee award by $596.28.[5]

**C.      Costs**

A party that obtains attorney's fees may also be awarded compensation for "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients."

---

[4] Defendants also seek to exclude attorney time they characterize as "administrative work." *See* ECF No. 14 at 7. The undersigned has reviewed these entries and finds the tasks are appropriate for a fee award. For example, Defendants' objection to time billed for "Teams messaging colleagues" ignores context. *Id.* As the time entries detail, the messages concerned litigation strategy. *See id.* ("4/22/2024: Teams messages with GL re our reply, timing, timing of procedural history, outline for reply brief.") The same is true for Defendant's objection to "reviewing/sending emails." *Id.* at 6. The time entries reveal that time spent on emails was devoted to correspondence with Defendants' counsel on substantive legal matters. *Id.* ("4/12/2024: Review/edit draft emails to Nassau counsel re failure to notify, failure to file on NYSCEF, need to contact state court re removal.").

[5] Because Ms. Biklen billed only 1.7 hours, this reduction does not disturb the Court's earlier conclusion that reducing the award as requested by Defendants would still entitle Plaintiff to more fees than it requested. *See supra* at 8-9.

*LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (quotation marks and citation omitted). An applicant seeking costs "bears the burden of adequately documenting and itemizing the costs requested." *Pennacchio v. Powers*, No. 05-CV-985, 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011) (citation omitted). Plaintiff seeks costs of $5.00 for printing and $9.85 for mailing costs associated with the courtesy copies of the motion to remand. ECF No. 14-8. Here again, Defendants do not appear to dispute the NYCLU's request and thus waive any objection. *See generally* Opp'n Br.; *see also IME Watchdog, Inc. v. Safa Abdulrahim Gelardi.*, No. 22-CV-1032, 2024 WL 4350498, at *8 (E.D.N.Y. Sept. 30, 2024) (failure to respond to an argument in a brief constitutes abandonment of any contrary argument) (citing *Malik*, 841 F. App'x at 284). Nonetheless, the undersigned has reviewed Plaintiff's documentation, *see* ECF No. 13-8, and recommends that the NYCLU's request for costs be granted in full. *See Teamsters Local 814 Welfare Fund v. Dahill Moving & Storage Co., Inc.*, 545 F. Supp. 2d 260 (E.D.N.Y. 2008) (adequately documented "[c]osts relating to filing fees, process servers, postage, and photocopying are ordinarily recoverable").

## IV.     CONCLUSION

For the foregoing reasons, the undersigned recommends an award totaling $11,183.95 for fees and costs. The recommended award is the sum (at a 39% reduction) of the hours billed by Mr. Hodgson ($7,076.00) and Ms. Larios ($4,093.10) and the costs associated with printing and mailing courtesy copies of the motion to remand ($14.85).

## V.     OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time

10

for filing objections must be directed to Judge Ross. FAILURE TO FILE TIMELY OBJECTIONS SHALL CONSTITUTE A WAIVER OF THOSE OBJECTIONS BOTH IN THE DISTRICT COURT AND ON LATER APPEAL TO THE UNITED STATES COURT OF APPEALS. *See Thomas v. Arn*, 474 U.S. 140, 154-55 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).

Dated: Central Islip, New York
October 24, 2024

**SO ORDERED**:

s/ Lee G. Dunst

**LEE G. DUNST**
United States Magistrate Judge